## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PHILIP J. GARCIA,

       Plaintiff,

v.                                                                                  CV 13-214 WPL

CAROLYN W. COLVIN, *Commissioner*
*of the Social Security Administration*,

       Defendant.

### ORDER GRANTING MOTION FOR ATTORNEYS' FEES

Philip Garcia filed a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 33.) The Social Security Administration ("SSA") takes no position on this motion as it is not the true party in interest. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). For the reasons explained below, I grant Garcia's motion.

### BACKGROUND

Garcia filed a claim for disability and disability insurance benefits. After his claim was denied at all administrative levels, he brought an action for judicial review, represented by Gary Martone and Feliz Martone of the Martone Law Firm, P.A. Concluding that the administrative law judge ("ALJ") failed to apply the correct legal standards, I remanded the matter to the SSA for a rehearing. Garcia then filed an unopposed motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 30.) I granted the motion and awarded $2,864.40 in attorney fees. (Doc. 32.)

On remand, the ALJ issued a fully favorable decision dated May 27, 2015, finding that Garcia has been disabled since June 15, 2009. (Doc. 33 Ex. A.) A Notice of Award was

subsequently sent to Garcia on August 2, 2015, stating that the SSA had withheld $16,998.00 to cover Garcia's attorneys' fees and that the agency "usually withhold[s] 25 percent of past due benefits" for this purpose. (Doc. 33 Ex. B at 3.)

On December 15, 2015, the Martone Law Firm filed the instant motion seeking attorneys' fees pursuant to 42 U.S.C. § 406(b). Noting that counsel was awarded $10,000.00 in fees for work performed before the SSA, the firm now seeks $6,998.00 under § 406(b) for services rendered in the United States District Court. (Doc. 33.)

## LEGAL STANDARDS

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the SSA and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b). Fees awarded for representation before the United States District Court are not necessarily limited by the amount of fees awarded by the Commissioner for representation before the SSA. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008).

For representation in court, courts may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). However, if fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2 (10th Cir. 2006).

While § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25% of past-due benefits are reasonable. *Id.* at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. If the attorney is responsible for delay, the fee may be reduced so that the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id.* Such a reduction also protects the claimant, as fees paid under § 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht*, 535 U.S. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505 (citation omitted).

## REASONABLENESS DETERMINATION

The $6,998.00 sought by the Martone Law Firm represents 10.29% of the total past-due benefits as described in the Notice of Award, and thus it does not exceed the statutory cap. The firm's fee agreement with Garcia entitles it to no more than 25% of all past-due benefits. (Doc.

33 Ex. C.) Assuming that the SSA pays the Martone Law Firm $10,000.00 under § 406(a) for representation before the agency, the sum of that fee and the amount sought here totals 25% of the past-due benefits.

The Martone Law Firm attached to the motion an affidavit discussing the work performed for Garcia before the Court. (Doc. 25 Ex. C.) Gary Martone asserts that the Martone Law Firm does not perform hourly work, but notes that a total of 15.6 hours of attorney time were spent on representing Garcia before the Court. (Doc. 33 Ex. D.)[1] The fee requested under § 406(b) thus amounts to approximately $450 per hour, which is within the range of fees approved in this District in the past. *See, e.g.*, *Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1175-76 (D.N.M. 2005). The affidavit also discusses the Martone Law Firm's extensive experience and expertise in social security work.

I recognize the inherent risk that this and other firms take when regularly representing social security claimants on a contingency basis. *See Faircloth*, 398 F. Supp. 2d at 1173 (citation omitted) (noting that perhaps 35% of claimants appearing at the federal court level will obtain benefits). Courts are generally more inclined to accept even "an amount that would seem untenable in an hourly rate arena" when accounting for such risk of loss. *See id.* at 1174.

Importantly, I see no evidence of delay on the Martone Law Firm's part in these proceedings. Indeed, approximately nine months passed between the time that Garcia filed his complaint in this Court and the time that I remanded the case to the SSA. The Martone Law Firm never requested any extensions of time on Garcia's behalf.

---

[1] This breakdown reflects an additional 0.2 hours of work performed after filing the EAJA motion in February 2014. (*Compare* Doc. 30 *with* Doc. 33 Ex. D.) This work was: 0.1 hours for reading the response and Order on the EAJA motion, and 0.1 hours for reading the letter from the SSA regarding the EAJA award. (Doc. 33 Ex. D at 3.)

Finally, I recognize that the past-due benefits award of $67,992.00 seems at first glance to be somewhat large considering the time invested in this case. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)). That said, a court should not "penalize [a claimant]'s attorneys for representing their client more efficiently than a less experienced attorney might." *Faircloth*, 398 F. Supp. 2d at 1174. Having reviewed several recent awards of attorneys' fees under § 406(b), I find that the fee award requested here is not so outside the norm as to be unreasonable. *See Feldbusch v. Astrue*, No. CV 10-1081 MV/KBM, Doc. 32 (D.N.M. Feb. 7, 2014) (awarding $8,604.50 in § 406(b) attorneys' fees for 20.4 hours of work yielding approximately $74,418 in past-due benefits); *Marlin v. Astrue*, No. CV 10-0049 DJS, Doc. 27 (D.N.M. May 31, 2011) (awarding $9000.00 in § 406(b) attorneys' fees for 20.4 hours of work yielding $81,475 in past-due benefits).

Having considered the above factors, I conclude that the request for attorneys' fees is reasonable. I further note that the motion was filed within six months of Garcia receiving his Notice of Award, a time frame that I also find to be reasonable.

### CONCLUSION

For the foregoing reasons, the motion for attorneys' fees in the amount of $6,998.00 pursuant to 42 U.S.C. § 406(b) is GRANTED. Pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986), the Martone Law Firm shall refund the EAJA award—minus sales tax and advanced costs—to Garcia, because the award of $6,998.00 under § 406(b) is larger.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge